UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 05-28-C**

**CHARLES BERTRAM, ET AL.,**                                              **PLAINTIFFS,**

**V.**                **MEMORANDUM OPINION AND ORDER**

**FEDERAL EXPRESS CORPORATION, ET AL.,**                    **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant, FedEx Ground Package System, Inc.'s ("FedEx Ground"), motion to stay proceedings pending a transfer decision by the Judicial Panel on Multidistrict Litigation (DE 54). The court, having reviewed the record and being otherwise sufficiently advised, will deny the defendant's motion.

On September 26, 2006, the defendants filed a Notice of Related Action (hereinafter, "Notice") with the Judicial Panel on Multidistrict Litigation (hereinafter, "Panel") requesting a transfer of this action to the Northern District of Indiana for coordinated pre-trial proceedings. The Notice indicated that this action involves "comparable allegations, and comparable related discovery" as other cases against FedEx Ground that had previously been transferred to the Northern District of Indiana by the Panel. The Panel has yet to rule on FedEx Ground's Notice, however, and FedEx Ground now asks this court to stay the current action pending a determination by the Panel on its request for transfer.

A district court has the inherent power to stay its proceedings. *Rivers v.*

*Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  Although, "[a]s a matter of individual preference, many district judges elect to suspend pretrial proceedings in cases in which a Panel transfer order is anticipated," "the mere pendency of a motion . . . before the Panel in no way limits the jurisdiction of the court in which the action is pending."  Stanley A. Weigel, *The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts*, 78 F.R.D. 575, 576, 576 n.11 (1978).  Instead, whether discovery should be stayed in a potential transferor court pending the Panel's decision on a motion to transfer "is within the sole discretion of the transferor judges."  *In re Air Crash Disaster at Paris, France, on March 3, 1974*, 376 F. Supp. 887, 888 (J.P.M.L. 1974).  When considering a motion to stay, a district judge should consider: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated.  *Rivers*, 980 F. Supp. at 1360.

     FedEx Ground claims that, because this case is likely to be transferred to the Northern District of Indiana, any proceedings conducted in this court will needlessly duplicate proceedings that will be or currently are being conducted in the coordinated pre-trial proceedings.  Thus, FedEx Ground believes that judicial economy and the interests of the parties will be best-served by staying this litigation.  The plaintiffs respond that this case is unlikely to be transferred by the

Panel and that a stay would unduly prejudice them by limiting their ability to conduct discovery in this forum or in the transferee court until a transfer order is entered.

On August 10, 2005, the Panel consolidated fifteen actions against FedEx Ground in the Northern District of Indiana (hereinafter referred to as "the MDL proceedings") based on the fact that all of these cases "share factual questions arising from the classification of certain package delivery drivers as independent contractors rather than employees." *In re FedEx Ground Package Sys., Inc., Employment Practices Litigation (No. II)*, 381 F. Supp. 2d 1380, 1381 (J.P.M.L. 2005). In their motion to stay, FedEx Ground argues at length that the plaintiffs' breach of contract/promissory estoppel/fraud claims are sufficiently related to these consolidated cases that a stay is necessary to eliminate wasteful pre-trial proceedings in this court. The plaintiffs, however, moved to voluntarily dismiss these claims on October 5, 2006, and the court entered an order granting their motion on October 30, 2006. The only claims currently before the court are the plaintiffs' malicious prosecution, defamation, and negligence causes of action, which relate to the plaintiffs' allegations that the defendants falsely accused Bertram of stealing golf clubs and encouraged the prosecution of criminal charges against him as a result of his labor union affiliation.

Although the Panel has already held that "the presence of additional or differing legal theories" does not demonstrate that consolidation is unwarranted,

3

*see In re FedEx Ground*, 381 F. Supp. 2d at 1381, the court finds that, even if a transfer order regarding this action is eventually issued by the Panel, this case is sufficiently distinct from those currently pending in the Northern District of Indiana that the risk of unnecessary duplication is minimal at best. The multidistrict litigation in Indiana focuses on the alleged harms resulting, as a general matter, from FedEx Ground's classification of delivery drivers as contractors as opposed to employees. This case, however, centers on the plaintiffs' contentions that Bertram was *specifically* retaliated against as a result of his pro-union sentiment. The underlying facts, legal theories, and scope of FedEx Ground's alleged wrongful conduct in this case all differ from the MDL proceedings; only the names of the parties in the forums are the same. Because there is little overlap of the relevant issues in this case and those in the MDL proceedings, it follows that the resources of the parties and the court are unlikely to be duplicated in the event a stay is denied.

FedEx Ground also claims that, because this case and the MDL proceedings involve factual issues related to FedEx Ground's alleged anti-union animus, the risk of overlapping discovery on this point warrants a stay of this case pending the Panel's transfer decision. Specifically, FedEx Ground claims that allowing both this case and the MDL proceedings to move forward at the same time presents the risk of inconsistent orders and unnecessarily burdensome discovery demands. The court concedes that FedEx Ground's alleged anti-union bias is an integral part of the

4

plaintiffs' claims before this court and has been the subject of discovery in the MDL proceedings. Nonetheless, on August 31, 2006, Magistrate Judge Dave Whalin entered an order on this issue granting in part and denying in part a motion for protective order filed by the defendant Federal Express Corporation ("FedEx Corp."). Magistrate Judge Whalin ruled that the plaintiffs could obtain discovery on the subject of union activities involving FedEx Corp. that occurred within *only* the year prior to February 17, 2004; that involved Bertram or any similarly employed independent contractors during the same time frame; and that involved the same general delivery area in which Bertram worked. DE 41, at 7. Because the permissible scope of discovery regarding FedEx Corp.'s alleged anti-union sentiment has been so narrowed in this case, any information collected on that issue should only minimally overlap with discovery that may occur in the MDL proceedings. Further, Magistrate Judge Whalin's August 31, 2006, order demonstrates that the parties have litigated, and the court has resolved, this issue. Thus, it is unlikely that the court or the parties will need to expend more resources in deciding it if this case is not stayed.[1]

---

[1]In its Notice to the Panel, FedEx Ground argued that Magistrate Judge Whalin's order "arose in the context of a discovery dispute between Bertram and Federal Express Corp., a co-defendant and separate and distinct entity from FedEx Ground." Notice, at 3 n.2. FedEx Ground therefore claimed that the order did not in any way determine FedEx Ground's discovery obligations and that the issue would need to be resolved again by this court or the transferee forum. *Id.* FedEx Ground's argument on this point is accurate, and, if it wishes to relitigate under a different name the same issues that were conclusively resolved by Magistrate Judge Whalin, it may do so. The court notes, however, that Magistrate Judge Whalin's order was "written in sufficiently broad terms so that its ruling may be

In sum, the court finds that the factual and legal issues in this case and the MDL proceedings are sufficiently dissimilar that, even in the event this case is transferred by the Panel, discovery and other pre-trial activity in this case is unlikely to be materially inconsistent with or duplicative of that in the MDL proceedings. Thus, FedEx Ground's fears of undue prejudice and expense if a stay is not granted are largely unfounded. Alternatively, the plaintiffs face a risk of prejudice if the court grants FedEx Ground's motion to stay. If this action is stayed, the plaintiffs will be unable to proceed with discovery in this forum or the Northern District of Indiana until the Panel reaches a decision. While the defendants argue that a transfer order should be issued by the Panel soon, their Notice was filed on

---

applied to any union-related discovery request not previously identified in the parties' motion papers." DE 41, at 7 n.1. As a result, any reopening of this issue by FedEx Ground would not create a substantial risk of the cumulation of judicial resources.

In a similar vein, FedEx Ground argues that the plaintiffs cannot complain of any prejudice they may experience as a result of a stay when they themselves caused a delay by the last-minute addition of FedEx Ground to this action. The plaintiffs' original complaint asserted claims against "Federal Express Corporation and Federal Express Corporation d/b/a Federal Express Ground." In the defendants' answer, they asserted that they had no knowledge of any entity called "Federal Express Corporation d/b/a Federal Express Ground." The defendants also failed to file any corporate disclosure statement "with its first appearance, pleading, petition, motion, response, or other request," as required by Fed. R. Civ. P. 7.1. On May 25, 2006, after being ordered to do so by the court, the defendants finally filed a corporate disclosure statement indicating that the entity the plaintiffs referred to as "Federal Express Corporation d/b/a Federal Express Ground" was indeed FedEx Ground Package System, Inc. The plaintiffs then amended their complaint accordingly. Certainly, the plaintiffs had the responsibility to plead their case against the proper defendants. But, given that compliance with the Federal Rules of Civil Procedure by the defendants would have eliminated any confusion on this issue, they cannot blame the plaintiffs for the delay occasioned by the late addition of FedEx Ground as a party in this case.

September 26, 2006, and no indication has yet been received by the parties or the court from the Panel regarding the Notice.  The plaintiffs and the court should not be forced to wait an indeterminate length of time to proceed with the resolution of a straightforward tort action.  After weighing the competing interests at stake on this issue, the court concludes that a stay of this case is unnecessary.  Accordingly,

    **IT IS ORDERED** that FedEx Ground's motion to stay proceedings pending a transfer decision by the Judicial Panel on Multidistrict Litigation (DE 54) is **DENIED**.

Signed on  November 20, 2006

**Jennifer B. Coffman, Judge**
**United States District Court**