**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 05-28-C**

**CHARLES BERTRAM, ET AL.,**                                                    **PLAINTIFFS,**

**V.**             **MEMORANDUM OPINION AND ORDER**

**FEDERAL EXPRESS CORPORATION, ET AL.,**                  **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the dispositive motions of defendants Federal Express Corporation ("FedEx Express"), Eric Borer, and FedEx Ground Package System, Inc. ("FedEx Ground") (DE 71, 72); and of plaintiff Charles Bertram (DE 73). The court, having reviewed the record and being sufficiently advised, will grant the motions in part and deny them in part.

**I. Factual Background**

The plaintiff, Charles Bertram, who had a contract to deliver packages for FedEx Ground, claims that the defendants falsely accused him of stealing a package of golf clubs that he was supposed to deliver.[1]

In December 2003, a sporting goods store in Louisville named Galyan's failed to receive a package of golf clubs that was shipped through FedEx. The store's loss prevention manager, Paul Koontz, contacted FedEx Express to report the

---

[1] Defendants FedEx Express and FedEx Ground are both subsidiaries of FedEx Corp.; the parent company is not a defendant. Defendant Borer is an employee of FedEx Express.

1

missing package and spoke with security specialist Eric Borer. Koontz told Borer that he believed, based on his review of Galyan's security video, that a FedEx Ground delivery driver had taken the package. Borer reviewed the security video, as well as FedEx Ground's internal tracking documentation showing the deliveries to Galyan's. His review showed that a delivery driver scanned six packages as delivered to Galyan's on December 23, 2003, but the video showed that the driver left only five packages at the store. The video showed the driver entering the store with seven packages on his cart, delivering five packages, and leaving the store with two packages. Koontz reported to FedEx that Galyan's had not received one of the packages that was scanned as delivered: a package of golf clubs it had ordered from Calloway Golf.

Bertram had a contract with FedEx Ground to deliver packages in the Louisville area, and Barry Duncan worked for him.[2] Two drivers delivered to the route that included Galyan's, namely Duncan and Bertram. Borer consulted with two FedEx Ground managers, James Joseph and James "Quint" Tepe, who identified the driver shown in Galyan's security video as Duncan. Joseph and Tepe believed that Duncan was assigned to cover that route. Borer then contacted the police and gave them the information and materials from his investigation. Duncan was subsequently charged with theft by deception.

---

[2] FedEx Ground contracts with individuals to perform delivery services throughout the country. "These contractors run their own businesses, use their own equipment and often employ their own assistant drivers if they run more than one service route." DE 72, at 2.

Bertram, as Duncan's employer, knew that Duncan was questioned and then charged during the investigation into Galyan's missing package. According to Bertram, he was actually the person shown on the security video delivering packages to Galyan's on December 23, 2003. He did not tell FedEx Ground or the police that they had charged the wrong person because "'it was a joke more or less' and he wanted to 'see what happens in court.'" DE 71, at 4 (quoting June 2006 Bertram Deposition, at 75-76). The charges against Duncan were dismissed when FedEx provided evidence to the authorities that Bertram rather than Duncan was delivering packages to Galyan's on the pertinent day.

Bertram was then arrested for theft of the golf clubs. He was indicted and the trial occurred in November 2004. The charges were dismissed after Bertram presented evidence showing that one of the packages he delivered to Galyan's had been delivered twice.

Bertram brought this action in January 2005 against defendants FedEx Express and Borer, alleging malicious prosecution, defamation, and negligence.[3] In June 2006 the plaintiff amended the complaint to add FedEx Ground as a defendant.

## II. Standard of Review

Summary judgment is appropriate only when there are no genuine issues of material fact in dispute and the moving party is entitled to a judgment as a matter

---

[3] The plaintiff initially asserted various contract-related claims but those were voluntarily dismissed to avoid a transfer of the case to multi-district litigation.

of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party's burden can be satisfied by demonstrating that there is an absence of evidence to support the non-moving party's case. *Id*. at 324-25. To survive summary judgment, the non-moving party must come forward with evidence on which the jury could reasonably find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The non-moving party must present more than a mere scintilla of evidence to defeat a motion for summary judgment. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989); Fed. R. Civ. P. 56(e). The court must view all of the evidence in the light most favorable to the party opposing summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "When reviewing cross-motions for summary judgment, the court must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party." *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994) (citing *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991)).

**III. Legal Analysis**

*A. Statute of limitations*

FedEx Ground moves for summary judgment on the ground that the plaintiff's claims against it are time-barred. This suit was filed within the statue of limitations for the plaintiff's claims, but FedEx Ground was not properly named in the complaint and was not added as a party until after the statute of limitations had

4

run. FedEx Express and FedEx Ground have the same agent for service of process, who was served with two summonses at the time the suit commenced, but the corporate name on one summons was incorrect. The court has previously addressed the late addition of FedEx Ground to the lawsuit and found that it did not prejudice the defendants and they were even partially at fault for the name issue not being resolved sooner.[4] The court will not dismiss FedEx Ground as a defendant on this basis.

*B. Malicious prosecution claims*

Bertram has filed malicious prosecution claims against Borer, FedEx Express, and FedEx Ground. Actions for malicious prosecution are disfavored based on the public policy consideration that the threat of a lawsuit should not deter citizens from reporting crimes. *Lexington Cab Co. v. Terrell*, 137 S.W.2d 721, 724 (Ky. 1940). To win a malicious prosecution claim, the plaintiff must show that the defendant instituted judicial proceedings with malice and without probable cause, and that those proceedings were terminated in favor of the plaintiff and caused the plaintiff to suffer damages. *Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981) (citing *Davis v. Brady*, 291 S.W. 412 (1927); and other cases). Some

---

[4] The defendants failed to file their corporate disclosure statement within the time required in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 7.1. "Certainly, the plaintiffs had the responsibility to plead their case against the proper defendants. But, given that compliance with the Federal Rules of Civil Procedure by the defendants would have eliminated any confusion on this issue, they cannot blame the plaintiffs for the delay occasioned by the late addition of FedEx Ground as a party in this case." DE 66, at 5 n. 1.

5

elements of the claims are undisputed, but the parties do dispute whether the defendants acted with malice and whether the defendants had probable cause when they reported the alleged theft to the authorities. Both parties move for summary judgment on the claims for malicious prosecution.

For the purpose of analyzing the malicious prosecution claims, the court will assume (without finding it conclusively) that the defendants acted with malice. In addition to demonstrating malice, the plaintiff must show that the defendants lacked probable cause. Whether the defendants acted with probable cause is a legal question that the court decides. *Collins v. Williams*, 10 S.W.3d 493, 496 (Ky. Ct. App. 1999) ("The burden in a malicious prosecution action is on the plaintiff to prove lack of probable cause, and the probable cause issue is a question for the court to decide." (citing *Prewitt v. Sexton*, 777 S.W.2d 891, 894-95 (Ky. 1989))). The final outcome of a criminal prosecution is not material in determining whether there was probable cause; rather, the defendant need only have "such reasonable grounds to believe a crime had been committed that he was justified in invoking the processes of law to have that question judicially determined." *Reid v. True*, 302 S.W.2d 846, 848 (Ky. 1957). "Strong circumstantial evidence" is sufficient to establish probable cause. *Id.* The facts known by the defendant are used to determine whether there was sufficient evidence to establish probable cause. *See Hudson v. Nolen*, 135 S.W. 414, 415 (Ky. 1911).

The information that Borer possessed as a result of his investigation was

sufficient to establish probable cause. Various facts, including but not limited to the following, are not disputed by the parties and support a finding of probable cause. Galyan's reported a possible theft to Boyer, and Boyer viewed the security video showing Bertram entering the store with seven packages and leaving with two packages, even though Bertram scanned six packages as delivered to that store. Galyan's did not receive the sixth package, which was scanned as delivered on December 23, 2003, but was not delivered by Bertram on that date, and Galyan's reported it as stolen. The fact that the charges against Bertram were dismissed during the trial does not alter the fact that Borer had probable cause at the time to present the findings of his investigation to the police and that his action was reasonable.

The grand jury's indictment of Bertram also demonstrates that the defendants had probable cause to believe a theft had occurred. A grand jury indictment "is prima facie evidence of probable cause." *Worley v. Columbia Gas of Kentucky, Inc.*, 491 F.2d 256, 263 (6th Cir. 1973) (citations omitted). Bertram was arrested, charged, indicted, and brought to trial based on the information Borer provided to the police.

The plaintiff argues that the defendants had access to additional information beyond what was conveyed to the authorities when the alleged theft was reported, including information that tended to show there was no theft. The presence of such additional information does not negate the defendant's belief that a theft

occurred as long as he had reasonable grounds for believing that a crime had been committed. *Reid v. True*, 302 S.W.2d 846, 848-49 (Ky. 1957) ("While . . . negative evidence might have some practical persuasive value in deterring defendant from prosecuting . . . it is of little significance on the question of probable cause."). Additionally, the defendants had not reviewed the referenced information prior to Bertram's trial and thus had no knowledge of what it showed at the time the crime was reported to the authorities.

An action for malicious prosecution requires both malice and lack of probable cause. *Stearns Coal Co. v. Johnson*, 37 S.W.2d 38, 40 (Ky. 1931). The defendants acted with probable cause and are therefore entitled to summary judgment on the malicious prosecution claims as a matter of law.

*C. Defamation claims*[5]

Bertram has filed claims against Borer, FedEx Express, and FedEx Ground for defamation. To establish a claim for defamation the plaintiff must show the following four elements: (1) defamatory language, (2) about the plaintiff, (3) which is published, and (4) which causes injury to reputation. *Columbia Sussex Corp., Inc. v. Hay*, 627 S.W.2d 270, 273 (Ky. Ct. App. 1981). Statements made under certain circumstances are privileged and thus cannot be the basis for a defamation action. Whether a privilege applies to a situation is a legal question for the court to

---

[5] Facts material to the determination of the defamation claims in this matter are disputed by the parties. The plaintiff is therefore not entitled to summary judgment.

8

determine. *Smith v. Hodges*, 199 S.W.3d 185, 189 (Ky. Ct. App. 2005); *Caslin v. General Electric Co.*, 608 S.W.2d 69, 70 (Ky. Ct. App. 1980). Under Kentucky law, it is a complete defense to a claim of defamation if the statement is true. *Bell v. Courier-Journal & Louisville Times Co.*, 402 S.W.2d 84, 87 (Ky. 1966).

According to the plaintiff, Borer defamed him by contacting the police and telling them that Bertram had committed theft, and by providing information to employees of FedEx Ground about the investigation into the missing package. Defendants FedEx Express and Borer argue that Borer's statements to the police were covered by an absolute privilege. Under Kentucky law, an absolute privilege bars suit for statements made during or in anticipation of a judicial proceeding. *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1126 (6th Cir. 1990) ("a party's communications are absolutely privileged to the extent that they are made preliminary to a judicial proceeding and in contemplation of litigation"). This absolute privilege "renders the speaker's motives and intent irrelevant in light of the public policy favoring freedom to speak freely and without fear of civil suit and financial hazard." *Id.* at 1128-29. For the "judicial proceeding" privilege to apply, the statement must relate to a "proceeding that is contemplated in good faith and under serious consideration." *Id.* (quoting *Restatement (Second) of Torts* § 587 cmt. e, at 250 (1977)).

When Borer contacted the police he provided them with information and evidence from his investigation of the theft reported by Galyan's, including

evidence that Bertram had committed theft. Bertram was then arrested, charged, indicted, and tried for the theft. Thus, Borer made the statements to the authorities as part of the institution of judicial proceedings against Bertram, and the statements related directly to the criminal charges that were subsequently brought against Bertram. Borer's statements were therefore absolutely privileged because they were made preliminary to and were directly related to a judicial proceeding. Accordingly, Borer and his employer, FedEx Express, are entitled to summary judgment on the claims of defamation for statements made to the authorities.

The defendants argue that statements by Borer to FedEx Ground employees, and statements by FedEx Ground employees to FedEx Ground contractors, if made, fall within a qualified privilege. As stated above, whether a privilege exists as a defense to defamation is a matter of law for the court to decide. *See Smith*, 199 S.W.3d at 189*; Caslin*, 608 S.W.2d at 70. Kentucky recognizes a qualified privilege for statements "made in good faith, without actual malice, by one who believes he has a duty or an interest to a person with a corresponding duty or interest." *Brewer v. American Nat. Ins. Co.*, 636 F.2d 150, 154 (6th Cir. 1980). Statements made within a company are protected by this privilege if they "concern the conduct of employees." *Hodges v. Ford Motor Co.*, No. 304CV538-H, 2006 WL 517609, at *3 (W.D. Ky. Mar. 1, 2006) (citing *Stringer*, 151 S.W.3d at 796). The privilege applies to "discussions and communications within the company," but such statements must be "necessary to its proper function and the enforcement of

10

the law." *Brewer*, 636 F.2d at 153 (citations omitted).

The parties acknowledge that the qualified privilege applies to any statements made by Borer to employees of FedEx Ground, even though the defendants dispute whether the allegedly defamatory statements were made. A qualified privilege protects the defendants as long as they acted "in a reasonable manner and for a proper purpose." *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 797 (Ky. 2004). The plaintiff bears the burden of showing that the defendants abused or exceeded the privilege; to demonstrate an improper exercise of the privilege the plaintiff must show that the defendants acted with malice. *Id.* Whether the defendants acted with malice is contested by the parties based on disputed facts material to the issue. Therefore, neither party is entitled to summary judgment on the claim that Borer and FedEx Express defamed Bertram through statements to FedEx Ground.

The plaintiff also alleges that employees of FedEx Ground, including James Primm, James Joseph, and Quint Tepe, made defamatory statements about him to FedEx Ground contractors. The parties dispute whether the statements were made. The plaintiff provided affidavits by the contractors, stating that Jim Joseph and Jim Primm told them that Bertram was part of a theft ring. In their depositions and declarations, Joseph and Primm each deny making those statements. Thus, there exists a genuine dispute whether the employees of FedEx Ground made the allegedly defamatory statements.

FedEx Ground contends that even if you assume Joseph and Primm made the statements regarding Bertram, the statements were subject to a qualified privilege, and alternatively were true, and thus the claims for defamation fail. The alleged statements were made by managers of FedEx Ground to contract employees, in a situation where the contractors did not need to know the conduct of another contractor, namely Bertram, and the supervisors could not have in good faith believed that they had a duty to discuss the situation with the contractors. The qualified privilege thus does not protect the statements allegedly made by the FedEx Ground managers to the FedEx Ground contractors.

As to its claim that truth is a defense, FedEx Ground argues that the statements do not need to be absolutely true, but only substantially true at the time they were published to establish the defense.[6] Even if the court were to apply the standard requiring only that the statements be "substantially true," the question of whether the statements were true to any extent is disputed by the parties.

The plaintiff argues that the defendants are precluded from using truth as a defense by the outcome of an arbitration between Bertram and FedEx Ground. The arbitration resolved the plaintiff's contract and damages dispute with FedEx Ground following Bertram's termination as a contractor for FedEx. The arbitrator found

---

[6] The law cited by defendant FedEx Ground is particular to defendants that are newspapers and the lower standard arguably does not apply to this factual scenario. *See, e.g.*, *Orr v. Argus-Press Co.*, 586 F.2d 1108, 1112 (6th Cir. 1978); *Bell*, 402 S.W.2d at 87; *State Journal Co. v. Redding*, 194 S.W. 301, 303 (Ky. 1917); *Herald Pub. Co. v. Feltner*, 164 S.W. 370, 372 (Ky. 1914).

that FedEx Ground owed Bertram damages according to the terms of their terminated contract. See DE 78, at Exhibit C. The one-page award did not go into further detail; specifically, it did not address the alleged theft by Bertram. The plaintiff is not entitled as a matter of law to a finding that the arbitration has a preclusive effect on this matter.

FedEx Ground also argues that the plaintiff has not provided evidence of damages caused by the defamatory statements. Specifically, the plaintiff in deposition testified that no one believed the statements implicating him in a theft ring. The plaintiff responds that his testimony provides evidence of damages, including medical damages and damages per se. The parties dispute whether the facts demonstrate damages caused by the alleged defamation. Since the qualified privilege does not apply, and the parties dispute the truth of the statements and whether they caused damages, FedEx Ground is not entitled to summary judgment as a matter of law on the defamatory statements allegedly made by its managers.

### D. Negligence claims

Bertram has filed negligence claims against FedEx Express and FedEx Ground. Under Kentucky law, the plaintiff claiming negligence must prove that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach caused injury to the plaintiff. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003) (citing *Mullins v. Commonwealth Life Insurance Co.*, 839 S.W.2d 245, 247 (Ky. 1992)). Whether the defendants owed a duty to the

plaintiff is an issue of law for the court to decide, and the decision of whether to recognize such a duty is a policy determination. *Mullins*, 839 S.W.2d at 248.

Bertram alleges that FedEx failed to investigate the reported theft properly and therefore did not give sufficient or accurate information to the police when the crime was reported. The defendants respond that they did not have a duty to "thoroughly and completely investigate a matter before reporting a suspected crime to the police." DE 72, at 25; *see Ferguson v. Richards*, 271 S.W. 2d 29, 30 (Ky. 1954) (finding that company did not have a duty to conduct its own investigation into the alleged crime). The court finds that creation of such a duty would be contrary to the public policy that encourages the reporting of crimes in a timely manner, thus weighing against the imposition of such a duty.

Additionally, the plaintiff cannot proceed with a claim for negligence where the claim is really a malicious prosecution claim. *Hill v. Wilmott*, 561 S.W.2d 331, 334 (Ky. Ct. App. 1978). The policy considerations addressed by the elements of a malicious prosecution action would be thwarted if the plaintiff were allowed to proceed on a theory of negligence. *Id.*[7] The plaintiff may not avoid the higher standards of malicious-prosecution claims by bringing negligence claims against the

---

[7] The policy discussion in *Hill v. Wilmott* is applicable to this matter even though the fact scenario is different. 561 S.W.2d at 334. In *Hill*, an attorney brought a suit on behalf of his client and the adverse party then sued the attorney. The court in *Hill* found that the adverse party could not sue based on negligence because an attorney must have the freedom to initiate lawsuits without fear of being liable based on simple negligence. *Id.* (finding that the plaintiffs could have sued the attorney for malicious prosecution).

defendants under the same facts that constitute his other claims. Thus, the defendants are entitled to summary judgment on the plaintiff's negligence claims.

## IV. Conclusion

Therefore, the court will grant summary judgment for the defendants on the plaintiff's claims for malicious prosecution and for negligence. The court will also grant summary judgment for FedEx Express and Borer on the claim that Borer defamed the plaintiff in statements to the police, but not on the claim that Borer defamed him in statements to FedEx Ground employees. However, the court finds that a qualified privilege applies to the latter statements. Additionally, the court will deny summary judgment to FedEx Ground on the plaintiff's claims of defamation. Accordingly,

**IT IS ORDERED** that defendants Federal Express Corporation and Eric Borer's motion for summary judgment (DE 71) is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that defendant FedEx Ground Package System, Inc.'s motion for summary judgment (DE 72) is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 73) is **DENIED.**

Signed on January 17, 2008

**Jennifer B. Coffman, Judge**
**United States District Court**