*Filed 2-29-08*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

CIVIL ACTION NO. 05-28-JBC

CHARLES BERTRAM,                                                    Plaintiff,

VS.                         JURY INSTRUCTIONS

FEDERAL EXPRESS CORPORATION, ET AL.,                    DEFENDANTS.

* * * * * * * * * *

MEMBERS OF THE JURY, now that you have heard all of the evidence and arguments of the attorneys, it is my duty to instruct you on the law applicable to this case.  A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rule of law stated by me.

INSTRUCTION NO. 1

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the Instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as an individual. The law is no respecter of persons; all persons, including individuals, corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law and are to be dealt with as equals in a court of justice.

INSTRUCTION NO. 2

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact.  However, when the attorneys on both sides stipulate or agree as to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.  Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

In the final analysis, it is your own recollection and interpretation of the evidence that control in the case.  While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

## INSTRUCTION NO. 3

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to a witness's testimony. In weighing the testimony of a witness you should consider the witness's relationship to the plaintiff or to the defendant; the witness's interest, if any, in the outcome of the case; the witness's manner of testifying; the witness's opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

INSTRUCTION NO. 4

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

INSTRUCTION NO. 5

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

INSTRUCTION NO. 6

Certain testimony has been presented to you through deposition.   A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's  testimony may be presented, under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned certain witnesses under oath. A court reporter was present and recorded the testimony.  The questions and answers were read, or shown, to you during the trial.  This deposition testimony is entitled to the same consideration, and is to be judged by you as to credibility, as if the witness had been present and had testified from the witness stand here in court.

## INSTRUCTION NO. 7

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue in this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

INSTRUCTION NO. 8

The burden of proof is on the plaintiff to prove every essential element of his claims.

The defendants have the burden of proof as to one element in this case as explained in Instructions 10 and 11.

The party with the burden of proof for an element must prove that element by a "preponderance of the evidence."

A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.   In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.  If the proof should fail to establish any essential element of a claim by a preponderance of the evidence, the jury should find for the defendants as to that claim.

INSTRUCTION NO. 9

Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the Instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Nothing I say in these Instructions is to be taken as an indication that I have an opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You have been chosen and sworn as jurors in this case to try the issue of fact presented by the allegations of the complaint of the plaintiff. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

This case should be considered and declared by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.

INSTRUCTION NO. 10

The plaintiff, Charles Bertram, has sued Federal Express Ground Package System, Inc. ("FedEx Ground"), Eric Borer, and Federal Express Corporation ("FedEx Express") for defamation.

As to the claim against FedEx Ground, you will find for Charles Bertram and against FedEx Ground on the claim of defamation if you are satisfied from the evidence as follows:

(a)     that James Joseph or James Primm made a statement or statements to Barry Hindman or Todd Sanders that Charles Bertram stole a package containing a golf club or golf clubs, or that he was a thief, or that he was involved in a theft ring; and

(b)     that such statement(s) were not true; and

(c)     that in making such statement(s), James Joseph or James Primm failed to exercise ordinary care to determine whether his statement(s)s were true or false.

Otherwise you will find for FedEx Ground.

The burden is on the defendant to prove by a preponderance of the evidence that the statement(s), if any, were true. As to the remaining elements, the plaintiff bears the burden to prove them by a preponderance of the evidence.

"Ordinary care" as mentioned above means such care as the jury would expect an ordinarily prudent person to exercise under similar circumstances.

This Instruction corresponds with Interrogatory No. 1 and Interrogatory No. 2 on the Verdict Form.

INSTRUCTION NO. 11

As to the claim against Eric Borer and FedEx Express, you will find for Charles Bertram and against Eric Borer and FedEx Express on the claim of defamation if you are satisfied from the evidence as follows:

(a)    that Eric Borer made a statement or statements to Richard Harris or James Primm that Charles Bertram stole a package containing a golf club or golf clubs, or that he was a thief, or that he was involved in a theft ring; and

(b)    that such statement(s) were not true; and

(c)    that in making such statement(s), Eric Borer failed to exercise ordinary care to determine whether his statement(s) were true or false.

Otherwise you will find for Eric Borer and FedEx Express.

The burden is on the defendant to prove by a preponderance of the evidence that the statement(s), if any, were true.  As to the remaining elements, the plaintiff bears the burden to prove them by a preponderance of the evidence.

"Ordinary care" as mentioned above means such care as the jury would expect an ordinarily prudent person to exercise under similar circumstances.

This Instruction corresponds with Interrogatory No. 3 and Interrogatory No. 4 on the Verdict Form.

If you find for Charles Bertram and against Eric Borer and FedEx Express on this claim, proceed to Instruction No. 12.  If you do not find for Charles Bertram, there is no need to consider Instruction No. 12 or Interrogatory No. 5 on the Verdict Form.

INSTRUCTION NO. 12

The statement or statements, if any, made by Eric Borer to Richard Harris and James Primm are covered by a qualified privilege, which protects Mr. Borer from liability unless he abused or exceeded the privilege.  You will find that Eric Borer abused or exceeded this privilege if you find that he acted with malice.

"Malice" as mentioned above means knowingly making a false statement or making a statement with reckless disregard for the truth or falsity of the statement.

This Instruction corresponds with Interrogatory No. 5 on the Verdict Form.

INSTRUCTION NO. 13

Nothing said in these instructions and nothing in any form or verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

INSTRUCTION NO. 14

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.   But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. 15

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

A Verdict Form has been prepared for your convenience.  You will take the Verdict Form and these jury instructions to the jury room.  When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in the Verdict Form, date and sign it, and then advise the Court Security Officer that you are ready to return to the courtroom.  However, do not give your Verdict Form to the Court Security Officer or to anyone else until I so direct you here in the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the Court Security Officer who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your verdict or how your vote stands numerically at the time.  That should stay secret until you are finished.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 05-214-JBC**
**CHARLES BERTRAM,**                                                **Plaintiff,**

**VS.**                                         **VERDICT FORM**

**FEDERAL EXPRESS CORPORATION, ET AL.,**                  **DEFENDANTS.**

* * * * * * * * *
**INTERROGATORY NO. 1**

You must answer both questions below.  Are you satisfied that the plaintiff has proven by a preponderance of the evidence:

(a)    that James Joseph or James Primm made a statement or statements to Barry Hindman or Todd Sanders that Charles Bertram stole a package containing a golf club or golf clubs, or that he was a thief, or that he was involved in a theft ring?

_____ YES        _____ NO

(b)    that in making such statement(s), James Joseph or James Primm failed to exercise ordinary care to determine whether their statement(s) were true or false?

_____ YES        _____ NO

_____
FOREPERSON

_____
DATE

If you answered "YES" to both questions in this Interrogatory, proceed to Interrogatory No. 2.  If you answered "NO" to either question, proceed to Interrogatory No. 3.

## INTERROGATORY NO. 2

Consider this Interrogatory only if you answered "YES" to Interrogatory No. 1.

Are you satisfied that the defendant has proven by a preponderance of the evidence:

(a)     that the statement or statements, if any, made by James Joseph or James Primm to Barry Hindman or Todd Sanders that Charles Bertram stole a package containing a golf club or golf clubs, or that he was a thief, or that he was involved in a theft ring, were true?

_____ YES        _____ NO

_____
FOREPERSON

_____
DATE

Proceed to Interrogatory No. 3.

INTERROGATORY NO. 3

You must answer both questions below. Are you satisfied that the plaintiff has proven by a preponderance of the evidence:

(a)     that Eric Borer made a statement or statements to Richard Harris or James Primm that Charles Bertram stole a package containing a golf club or golf clubs, or that he was a thief, or that he was involved in a theft ring?


_____ YES        _____ NO

(b)     that in making such statement(s), Eric Borer failed to exercise ordinary care to determine whether his statement(s) were true or false?


_____ YES        _____ NO



_____
FOREPERSON

_____
DATE

If you answered "YES" to both questions in this Interrogatory, proceed to Interrogatory No. 4. If you answered "NO" to either question please return to the courtroom.

# INTERROGATORY NO. 4

Consider this Interrogatory only if you answered "YES" to Interrogatory No. 3.

Are you satisfied that the defendant has proven by a preponderance of the evidence:

(a)    that the statement or statements, if any, made by Eric Borer to Richard Harris or James Primm that Charles Bertram stole a package containing a golf club or golf clubs, or that he was a thief, or that he was involved in a theft ring, were true?

_____ YES          _____ NO


_____
FOREPERSON

_____
DATE


If you answered "NO" to this Interrogatory, proceed to Interrogatory No. 5.  If you answered "YES," please return to the courtroom.

INTERROGATORY NO. 5

Consider this Interrogatory only if you answered "NO" to Interrogatory No. 4.  If you consider this Interrogatory you must answer both questions below.

If you answered "YES" to both questions in Interrogatory No. 3 and "NO" to Interrogatory No. 4, are you satisfied that the plaintiff has proven by a preponderance of the evidence:

(a)     that Eric Borer made such statement or statements knowing that they were false?

_____ YES        _____ NO

(b)     that he made such statement or statements with reckless disregard for the truth or falsity of his statement(s)?

_____ YES        _____ NO

_____
FOREPERSON

_____
DATE

Please return to the courtroom.